**Hand-Delivered**

FILED
CHARLOTTE, NC

MAY 29 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

Phillip Monroe II,

Plaintiff

3:26-CV-418-MEO

v.

Bank of America, N.A.,

Defendant.

## PRO SE COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Phillip Monroe II ("Plaintiff"), proceeding Pro Se, alleges the following against Defendant Bank of America, N.A. ("Defendant" or "Bank of America"):

## I. INTRODUCTION

1.  This action arises from unlawful discriminatory, retaliatory, and hostile employment practices committed by Defendant Bank of America, N.A. during Plaintiff's employment.
2.  Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.
3.  Plaintiff alleges that Defendant subjected him to a hostile and toxic work environment, disparate treatment, retaliation after engaging in protected activity, excessive scrutiny and micromanagement, unequal work assignments, and conditions so intolerable that Plaintiff was constructively discharged.
4.  Plaintiff further alleges that Defendant failed to adequately investigate or correct the unlawful conduct after Plaintiff reported concerns internally to management and Human Resources.
5.  As a direct and proximate result of Defendant's conduct, Plaintiff suffered emotional distress, humiliation, anxiety, damage to professional reputation, loss of employment, financial harm, and other damages.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, including Title VII of the Civil Rights Act of 1964.
7. This Court has jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3).
8. Venue is proper in the Western District of North Carolina because the unlawful employment practices complained of herein occurred within this judicial district and Defendant conducts substantial business within this district.

## III. PARTIES

9. Plaintiff Phillip Monroe II is a resident of the State of North Carolina.
10. Defendant Bank of America, N.A. is a corporation authorized to conduct business within the State of North Carolina and maintains offices and operations within this district.
11. At all relevant times, Defendant employed Plaintiff and exercised control over the terms, conditions, supervision, assignments, and privileges of Plaintiff's employment.

## IV. ADMINISTRATIVE EXHAUSTION

12. Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), Charge No. 430-2026-00300.
13. The EEOC issued Plaintiff a Determination and Notice of Rights dated March 4, 2026.
14. Plaintiff files this action within ninety (90) days of receipt of the EEOC Right-to-Sue Notice.
15. All conditions precedent to filing this action have been satisfied.

## V. FACTUAL ALLEGATIONS

16. Plaintiff was employed by Defendant Bank of America in Charlotte, North Carolina.
17. During Plaintiff's employment, Plaintiff performed his job duties in a satisfactory and professional manner.
18. Beginning on or about July 18, 2025, Plaintiff began experiencing increased micromanagement, disparate treatment, excessive scrutiny, hostile interactions, shifting managerial conduct, and escalating workplace pressure from management and project leadership.

18A. Plaintiff repeatedly communicated professionally with management regarding operational concerns, process discrepancies, workflow risks, project implementation concerns, staffing support, and process-owner issues impacting business operations.

18B. Plaintiff proactively identified operational and dispute-resolution risks associated with project implementation and requested quantitative project-impact information in an effort to reduce business exposure and improve operational effectiveness.

18C. Despite Plaintiff's repeated efforts to collaborate, communicate concerns, and improve project processes, Plaintiff was increasingly subjected to criticism, heightened scrutiny, repeated revisions, operational pressure, dismissive responses, and escalating managerial oversight.

18D. Plaintiff alleges that management and coworkers became increasingly dismissive of Plaintiff's requests for collaboration, support, and operational assistance while simultaneously increasing performance pressure and scrutiny directed toward Plaintiff.

18E. Plaintiff further alleges that Defendant's managers and representatives subjected Plaintiff to ongoing criticism regarding formatting, process design, deliverables, project flow, workflow management, and operational presentation issues in a manner Plaintiff believes became excessive, retaliatory, and hostile.

18F. Plaintiff contends that similarly situated employees were not subjected to the same level of scrutiny, criticism, pressure, and hostile management conduct imposed upon Plaintiff.

18G. Plaintiff continued attempting to perform his job duties professionally and collaboratively despite the escalating hostile work environment.

19. Plaintiff observed significant changes in management tone, communication style, and treatment directed toward him.
20. Plaintiff was subjected to increased monitoring, criticism, and work-related pressure beyond that imposed upon similarly situated employees.
21. Plaintiff alleges that additional assignments and responsibilities were reassigned or imposed upon him in a discriminatory and retaliatory manner.
22. Plaintiff raised concerns internally regarding workplace treatment, management conduct, operational concerns, and issues affecting his work environment.
23. Plaintiff communicated concerns to management and Human Resources regarding the hostile and toxic work environment.
24. Plaintiff reported concerns to Employee Relations and/or Human Resources on or about August 27, 2025.
25. Defendant failed to timely and adequately investigate or resolve Plaintiff's complaints.
26. After Plaintiff engaged in protected activity by reporting workplace concerns and discriminatory treatment, Defendant's conduct toward Plaintiff intensified.
27. Plaintiff was subjected to retaliation, intimidation, hostile treatment, and escalating workplace pressure following his complaints.
28. Plaintiff experienced worsening working conditions that interfered with his ability to perform his job duties in a reasonable and safe environment.
29. Plaintiff alleges that management conduct created an intolerable work environment.
30. Plaintiff further alleges that Defendant failed to follow its own corporate values, policies, procedures, and standards regarding employee treatment, workplace concerns, and retaliation prevention.
31. Plaintiff suffered severe emotional distress, anxiety, humiliation, and damage to his professional reputation as a result of Defendant's conduct.
32. Plaintiff ultimately resigned his employment on or about September 1, 2025, due to the intolerable and hostile work environment.

33. Plaintiff alleges that his resignation constituted a constructive discharge caused by Defendant's unlawful conduct.
34. Following Plaintiff's separation from employment, Plaintiff continued to experience financial harm, emotional distress, loss of income, and difficulty securing comparable employment.
35. Plaintiff contends that Defendant's actions were intentional, malicious, reckless, and/or carried out with deliberate indifference to Plaintiff's federally protected rights.

# VI. FIRST CAUSE OF ACTION

# TITLE VII – RETALIATION

36. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.
37. Plaintiff engaged in protected activity by complaining internally regarding discriminatory treatment, workplace hostility, management conduct, and unfair treatment.
38. Defendant knew Plaintiff engaged in protected activity.
39. Following Plaintiff's protected activity, Defendant subjected Plaintiff to materially adverse actions, including increased scrutiny, hostile treatment, retaliation, intimidation, and worsening employment conditions.
40. There exists a causal connection between Plaintiff's protected activity and Defendant's adverse actions.
41. Defendant's actions violated Title VII of the Civil Rights Act of 1964.
42. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff suffered damages.

# VII. SECOND CAUSE OF ACTION

# TITLE VII – HOSTILE WORK ENVIRONMENT

43. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.
44. Defendant subjected Plaintiff to severe and/or pervasive hostile treatment that altered the terms and conditions of Plaintiff's employment.
45. The hostile conduct included excessive scrutiny, micromanagement, intimidation, differential treatment, escalating managerial hostility, and failure to correct reported misconduct.
46. Defendant knew or should have known of the hostile conduct but failed to take prompt and effective remedial action.
47. Defendant's conduct created an abusive, hostile, and intolerable work environment.
48. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.

## VIII. THIRD CAUSE OF ACTION

## CONSTRUCTIVE DISCHARGE

49. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.
50. Defendant knowingly permitted and/or created working conditions so intolerable that a reasonable person in Plaintiff's position would feel compelled to resign.
51. Plaintiff's resignation on or about September 1, 2025, was the foreseeable result of Defendant's conduct.
52. Defendant's conduct amounted to constructive discharge in violation of federal law.
53. As a direct and proximate result of Defendant's actions, Plaintiff suffered damages.

## IX. DAMAGES

54. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered:

a. Loss of wages and employment benefits;

b. Emotional distress;

c. Mental anguish;

d. Humiliation;

e. Damage to professional reputation;

f. Loss of future earning capacity;

g. Litigation expenses;

h. Other compensatory damages allowed by law.

55. Plaintiff further seeks punitive damages to the extent permitted by law due to Defendant's intentional, reckless, and malicious conduct.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant as follows:

A. Declare that Defendant violated Plaintiff's rights under Title VII;

B. Award compensatory damages;

C. Award back pay and front pay;

D. Award damages for emotional distress and mental anguish;

E. Award punitive damages as permitted by law;

F. Award pre-judgment and post-judgment interest;

G. Award costs and allowable expenses;

H. Grant all other relief this Court deems just and proper.

## XI. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 29th day of May , 2026.

Phillip Monroe II
Plaintiff, Pro Se
P.O. Box 220017
Charlotte, North Carolina 28222
(910) 885-8158
philmonroe.io@gmail.com